UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JOSE G.H.,                                          Case No. 26-CV-1738 (PJS/DLM)

       Petitioner,

v.                                                              ORDER

PAMELA JO BONDI, Attorney General of
the United States; SECRETARY of the
Department of Homeland Security; TODD
LYONS, Acting Director of the United States
Immigration and Customs Enforcement;
DAVID EASTERWOOD, Acting Director, St.
Paul Field Office, U.S. Immigration and
Customs Enforcement; and ERIC
TOLLEFSON, Sheriff of Kandiyohi County,

       Respondents.

---

Michael G. Congiu and Niloy Ray, LITTLER MENDELSON, for petitioner.

Carlton F. Sheffield, U.S. DEPARTMENT OF JUSTICE, OFFICE OF IMMIGRATION LITIGATION; and David W. Fuller, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Eric Tollefson.

This matter is before the Court on petitioner Jose G.H.'s petition for a writ of habeas corpus.[1]  Jose, a citizen of Mexico, entered the United States without inspection in February 2023.  V. Pet. ¶ 3.  Immigration and Customs Enforcement ("ICE") agents

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by first name and last initials.

arrested Jose on January 1, 2026. *Id.* ¶ 6. Jose alleges that he was arrested without a warrant, *id.*, and respondents offer no evidence to the contrary.

Respondents take the position that Jose is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

Respondents concede that this case is not meaningfully distinguishable from *Santos M.C.* and instead argue that those cases are wrongly decided. Respondents' argument has some force. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026) (adopting the government's reading of § 1225(b)(2)). But the Court continues to

believe that the better reading is that § 1225(b)(2) does not apply to aliens who entered without inspection and are already present and living in the United States.[2] *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025) (explaining that, in the context of § 1225, an "applicant for admission" is not synonymous with a person "seeking admission").

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)).  "If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered."  *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (quoting § 1226(a)).  The Court will therefore grant Jose's petition and order his release.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT

IS HEREBY ORDERED THAT:

1. Petitioner's petition for a writ of habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory

   detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody by 9:00 am on

   Wednesday, March 11, 2026.  If petitioner is not in Minnesota, respondents

   must return petitioner to Minnesota before releasing him.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 8, 2026

Patrick J. Schiltz, Chief Judge
United States District Court